# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## KANSAS CITY DIVISION

QUINTERO COMMUNITY )
ASSOCIATION, et al., )
                 )
         **Plaintiffs,** )    **Case No. 1016-CV-13693**
                 )
**v.** )    **Division 18**
                 )
**HILLCREST BANK, et al.,** )
                 )
         **Defendants.** )

*(court file stamp: FILED DIVISION 18, FEB 28 2011, CIRCUIT COURT OF JACKSON COUNTY MO., By ___ JUDICIAL ADMINISTRATIVE ASSISTANT)*

## DEFENDANT HILLCREST BANK'S MOTION FOR SUBSTITUTION OF PARTIES

Comes Now Defendant Hillcrest Bank, by its attorneys, Kelly A. Campbell, of Spencer Fane Britt & Browne LLP, and pursuant to Missouri Rule 52.13, respectfully moves this Court to allow for the substitution of the Federal Deposit Insurance Corporation as Receiver for Hillcrest Bank, for the reasons set forth below:

1.     On or about May 3, 2010 Plaintiffs filed a Petition against Hillcrest Bank.

2.     The Petition seeks recovery for numerous causes of action including breach of contract, fraudulent misrepresentation, breach of fiduciary duty, civil conspiracy, aiding and abetting, and negligence among other allegations.

3.     By order dated October 22, 2010, the Kansas State Bank Commissioner ("Commissioner"), in cooperation with the Federal Deposit Insurance Corporation ("FDIC"), determined that the FDIC would serve as receiver for Defendant Hillcrest Bank, in part because it appeared that Defendant Hillcrest Bank was critically undercapitalized and therefore terminated Defendant Hillcrest Bank's authority to engage in banking business. A copy of this order has been attached as Exhibit A.

WA 2714084.1

4.    By letter dated October 22, 2010, the FDIC notified Hillcrest Bank that Commissioner had appointed FDIC as Receiver of Hillcrest Bank. The notice advised that the FDIC was taking possession of Hillcrest Bank pursuant to the terms of that appointment. A copy of that letter is attached as Exhibit B.

5.    Missouri Rule 52.13 provides that when there is a change in interest and/or liability, the proper parties may be substituted and/or added.

6.    Since the FDIC is the Receiver for Defendant Hillcrest Bank, the FDIC as Receiver should be substituted as a party in the instant action.

WHEREFORE, Defendant Hillcrest Bank respectfully moves this Court to allow for the substitution of the Federal Deposit Insurance Corporation as Receiver for Hillcrest Bank and for such other relief as this Court deems appropriate.

SPENCER FANE BRITT & BROWNE LLP

Kelly A. Campbell        Mo. Bar # 43452
1000 Walnut Street
Suite 1400
Kansas City, MO 64106
(816) 474-8100
FAX: (816) 474-3216
kcampbell@spencerfane.com
ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

This is to certify that on this 28th day of February, 2011, a copy of the foregoing was duly hand-delivered, to:

Linus L. Baker
6732 West 185th Terrace
Stillwell, KS 66085-8922

Attorney for Plaintiffs

_____
Attorney for Defendant

WA 2714084.1



# STATE OF KANSAS
## OFFICE OF THE STATE BANK COMMISSIONER
### DIVISION OF BANKING

IN THE MATTER OF     )
          )
Hillcrest Bank       )
11111 W. 95th Street, Suite 100  )  **Case No. 2009-284**
Overland Park, Kansas 66214   )
SB. 22173        )

### DECLARATION OF CRITICALLY UNDERCAPITALIZED CONDITION AND TENDER OF RECEIVERSHIP

**WHEREAS,** Hillcrest Bank is a duly organized Kansas banking corporation, chartered by the State of Kansas, and as such, is subject to the Kansas Banking Code, K.S.A. 9-101 *et seq.*; and

**WHEREAS,** pursuant to the Kansas Statutes, the State Bank Commissioner is the official charged with administering and enforcing the Kansas Banking Code, to ensure proper management and operation of Kansas banks to protect depositors; and

**WHEREAS,** K.S.A. 9-1902a defines "critically undercapitalized" as follows:

"A bank or trust company is critically undercapitalized when the ratio of its capital to total assets is equal to or less than 2.0%. For purposed of this section, capital shall be the sum total of the institution's common stock, surplus, undivided profits, capital reserves, noncumulative perpetual preferred stock and outstanding cumulative perpetual preferred stock (including related surplus)."

**WHEREAS,** pursuant to K.S.A. 9-1903, the Commissioner took charge of Hillcrest Bank, which, upon examination and report to the Commissioner, appeared to be critically undercapitalized on October 22, 2010; and

**WHEREAS,** pursuant to K.S.A. 9-1905, the Commissioner completed a thorough investigation of the affairs and condition of Hillcrest Bank and adopts herein the findings of fact that are set forth in the Order Taking Charge which are reflective of the bank's actual condition; and

**WHEREAS,** the Commissioner concludes, as a matter of law, that Hillcrest Bank is "critically undercapitalized" within the meaning of K.S.A. 9-1902a; and

**WHEREAS,** the Commissioner is satisfied that Hillcrest Bank cannot sufficiently recapitalize, resume business, or liquidate its indebtedness to the satisfaction of its depositors and creditors.

**NOW, THEREFORE, BE IT RESOLVED AND DECLARED** that pursuant to K.S.A. 9-1905, the Commissioner is satisfied that Hillcrest Bank cannot sufficiently recapitalize, resume business, or liquidate its indebtedness to the satisfaction of depositors and creditors, and terminates Hillcrest Bank's authority to engage in banking business.

**BE IT FUTHER RESOLVED AND DECLARED** that pursuant to K.S.A. 9-1905 and 9-1907, the Commissioner knowing that the deposits of said bank are insured by the Federal Deposit Insurance Corporation, the Commissioner hereby appoints the Federal Deposit Insurance Corporation as receiver of Hillcrest Bank and calls upon it to perform the duties of a receiver pursuant to Chapter 9, Article 19 of the Kansas Statutes Annotated.

**IT IS SO ORDERED. DONE THIS 22nd DAY OF OCTOBER, 2010, AT TOPEKA, KANSAS.**

BY: _____
   **JUDI M. STORK, ACTING STATE BANK COMMISSIONER**

## CERTIFICATE OF SERVICE

I, _____, hereby certify that on this _____ day of
　　　　(print your name)

October, 2010, I personally served upon _____
　　　　　　　　　　　　　　　　　　　　　　(print recipient's name)

at the following address: _____
　　　　　　　　　　　　　　　　(main bank·or branch address)

at _____ pm, a true and correct copy of the **DECLARATION OF CRITICALLY**
　　(fill in time)

**UNDERCAPITALIZED CONDITION AND TENDER OF RECEIVERSHIP**.

_____
Signature

_____
Print Name

_____
Title



**FDIC**
Division of Resolutions and Receiverships
**Dallas Regional Office**
1601 Bryan Street
Dallas, Texas 75201

Telephone (214) 754-0098



EXHIBIT
ALL-STATE LEGAL®
_B_

October 22, 2010

Ms. Judi M. Stork, Acting Bank Commissioner
Office of the State Bank Commissioner
State of Kansas
Topeka, Kansas

Subject:   **Hillcrest Bank**
**Overland Park, Kansas – In Receivership**
<u>**Acceptance of Appointment as Receiver**</u>

Dear Acting Commissioner Stork:

Please be advised that the Federal Deposit Insurance Corporation accepts its appointment as Receiver of the captioned depository institution, in accordance with the Federal Deposit Insurance Act, as amended.

Sincerely,

FEDERAL DEPOSIT INSURANCE CORPORATION

By: _Daniel M Bell_
   Name:  Daniel M. Bell
   Title:   Receiver-in-Charge