IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| Quintero Community Association, Inc., *et al.*, <br><br>                     Plaintiffs, <br><br> v. <br><br> Hillcrest Bank, *et al.,* <br><br>                     Defendants. | Civil Action No. 4:11-cv-893 |

### **Plaintiffs' Reply**

The defendant FDIC argues that nothing short of a state order substituting it as a party triggers the 90 day window under 28 U.S.C. § 1819. The FDIC argues until an order of substitution is entered, it is absolutely free to participate in the state litigation without triggering the 90 day removal window. The FDIC seeks a contrary holding as that contained in *Gilmor v. Preferred Credit Corp.*, No. 10-0189-CV-W-ODS, 2010 WL 1693034, (W.D. Mo. Apr. 27, 2010).

The first state order of substitution was made March 1, 2011. The FDIC claims that this order making it a party to the Missouri state litigation doesn't count because it was later vacated due to the way Hillcrest Bank filed its motion to substitute its receiver FDIC. When the order was vacated, the FDIC claimed it "was no longer a party and lacked standing to seek removal." This "no longer a party" statement is akin to being a little bit pregnant. It is still an admission that the FDIC was, on March 1, 2011, a party to the state litigation. The fact that the order was later vacated is of no consequence under the removal statute. An order of substitution was made. There is nothing in the removal statute that provides for jurisdiction-stripping "un-substitution." There is no language in the removal statute that provides for the

1

condition of vacating a substitution order or that its effect is to "reset" the 90 day removal period.

The FDIC claims it had "no other option other than to file a motion seeking its substitution." Actually, the FDIC felt it had other options because the FDIC appeared in state court on May 24, 2011, the date the FDIC entered its appearance. The FDIC then filed a motion to substitute itself for Hillcrest Bank on May 27, 2011. The FDIC then opposed the plaintiffs' Motion for Default Judgment against Hillcrest Bank on June 6, 2011.

The fact is the FDIC freely and voluntarily participated in the state case – with or without an order of substitution. This case is similar to *Buczkowski v. FDIC*, 415 F.3d 594, 596 (7th Cir. 2005) because the FDIC itself intervened in the suit and then sought to remove the case, and it was this filing that opened the 90-day period. *Buczkowski* at 595-96. *Buczkowski's* reasoning applies here because the FDIC could not bring itself to merely file a motion to be substituted – the FDIC came in swinging. The FDIC, for all intents and purposes, defended Hillcrest Bank as it were itself. The FDIC claimed it needed to participate to fight the pending motion for default judgment that was pending against Hillcrest Bank. But it does not matter why the FDIC participated – the fact is the FDIC participated voluntarily and without compulsion. The FDIC argues that it is perfectly free to oppose a default judgment and defend its Bank – perhaps thwarting a default judgment against Hillcrest Bank – all the while never triggering the 90 day removal window. Such a rule would allow the FDIC to freely manipulate the state court actions and leave the state court and the other parties at the mercy of the FDIC.

The FDIC ignores the specific holdings and rationale of *Gilmor*. The plaintiffs, early on in the state court litigation, took many affirmative actions to inform the state court of the FDIC receivership over Hillcrest Bank. The plaintiffs filed the receivership order repeatedly

2

in state court filings. And it is not as though the FDIC was unaware of the Missouri state litigation against Hillcrest Bank.

The *Gilmor* court relied upon *Buczkowski* in holding that the FDIC is substituted as a party, a phrase which courts have interpreted as occurring upon the service of a motion or pleading which discloses that the FDIC has been appointed as the receiver for a defendant bank. In *Buczkowski*, the FDIC was appointed the receiver of Superior Bank, a defendant in a state court action. The FDIC moved to intervene and at the same time removed the case to federal court. The Seventh Circuit said that the case should not be remanded even though the intervention motion had not been decided prior to removal. Id. at 595. The Seventh Circuit held the 90 day clock began ticking when the state court was notified that the FDIC had been appointed as receiver.

In reaching their decision, the Seventh Circuit relied upon a removal statute applicable to the Resolution Trust Corporation (the "RTC") which was "identical to § 1819(b)(2)(B)." *Buczkowski* at 596. The Seventh Circuit noted that, under 12 U.S.C. § 1441a(l)(3)(B), the RTC is substituted as a party "upon the filing of a copy of the order appointing the [RTC] as conservator or receiver for that party or the filing of such other pleading informing the court that the [RTC] has been appointed conservator or receiver" for that party. Id. The FDIC asked the Seventh Circuit in *Buczkowski* to apply that definition to the FDIC removal statute, even though it was absent from Section 1819. The Seventh Circuit characterized this request as "sensible," noting that it would "confirm the statute's most natural reading." Id. at 597. Agreeing that the FDIC removal statute should be read consistently with the RTC removal statute, the Seventh Circuit concluded that the FDIC properly removed the case after it filed a motion to intervene that attached a copy of the order appointing it as receiver. Accordingly, under the FDIC removal statue, read

3

consistently with the RTC removal statute, the FDIC's right to remove the case in *Buczkowski* began running after the order appointing the FDIC as receiver was filed with the state court.

The Seventh Circuit's interpretation of Section 1819 and its reliance upon the RTC removal statute is reasonable and supported by other circuit courts. The "substituted as a party" language in Section 1819 was added to the FDIC removal statute only one week after Congress passed the RTC removal statute. *Buczkowski*, 415 F.3d at 597. It was part of a "Technical Corrections and Clarifications" bill. The subsection adding the "substituted as a party" language was entitled "FDIC Removal Period Made Consistent with RTC Period." See Federal Deposit Insurance Corporation Improvement Act of 1991, Pub. L. No. 102-242, § 161(d), 105 Stat. 2236,2286 (1991). As the *Buczkowski* court noted, "reading these texts differently just because §1819 lacks some elaboration that appears in § 1441a would double-cross the legislature unless there is a reason to think that the two statutes serve different ends." 415 F.3d at 597.

The Eighth Circuit has agreed with the Seventh Circuit that the RTC and FDIC removal statutes should be read in harmony with one another. In *Casey v. FDIC*, 583 F.3d 586 (8th Cir. 2009), the court considered whether dismissal of the FDIC from a case predicated upon Section 1819 deprived the court of federal jurisdiction over remaining state law claims. The Eighth Circuit answered that question in the negative, relying upon prior authority that interpreted the RTC removal statute. The court noted that this prior authority was "persuasive." 583 F.3d at 591. It said that "the law concerning the RTC often informs its analogue in the FDIC context…" and that the relevant wording in the two statutes was virtually identical, implying "an intent by Congress that the two be interpreted in the same way." Id. This conclusion was buttressed by the "fact that the current versions of the two

4

sections were enacted by the same act of Congress...." Id.

The FDIC removal statute must be read consistently with the RTC removal statute. That is the teaching of both *Buczkowski* and *Casey*. The RTC scheme states that the RTC "shall be deemed substituted in any action, suit, or proceeding for a party upon the filing of a copy of the order appointing the [RTC] as conservator or receiver for that party or the filing of such other pleading informing the court that the RTC has been appointed conservator or receiver for such party." 12 U.S.C. § 1441a(l)(3)(B).

Under *Gilmor* and its rational, the FDIC need not formally be made a party before the 90 day removal window is triggered. There are numerous facts presented to the Court showing that the state court was placed on notice of the FDIC receivership – specifically the Kansas state order appointing the FDIC as receiver for Hillcrest Bank – well beyond ninety days from when the FDIC eventually removed this case. The FDIC participated in the case by defendant Hillcrest Bank. These actions triggered the 90 day removal window.

For all the reasons stated above, the plaintiffs move this Court to remand this case and for an award of attorney fees.

Respectfully Submitted,

By /s/ Linus L. Baker
  Linus L. Baker  Mo. Bar 44980
6732 West 185th Terrace
Stilwell, KS  66085-8922
Telephone:   913.486.3913
Fax:              913.232.8734
E-Mail: linusbaker@prodigy.net
Attorney for the plaintiffs

Certificate of Service

      The undersigned hereby certifies that this document was filed electronically on October 7, 2011, with the United States District Court for the Western District of Missouri, Western Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court to all designated persons, and a copy mailed by United States mail, first-class postage prepaid, addressed to the individuals who are not designated to receive ECF notice from the Court.

      /s/ Linus L. Baker