IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| QUINTERO COMMUNITY ASSOCIATION, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 04-11-CV-00893 |
| HILLCREST BANK, et al., | ) ) ) | |
| Defendants | ) ) | |

## ORDER DENYING MOTION TO REMAND

This case arises from the Federal Deposit Insurance Corporation's ("FDIC") removal of a state court action to this Court pursuant to its authority under 28 U.S.C. § 1819(b)(2)(B). Pending before the Court is Plaintiff Quintero Community Association, Inc., *et al.'s* "Motion to Remand" (Doc. 3) and Defendant Federal Deposit Insurance Corporation as Receiver for Hillcrest Bank's ("FDIC-R") "Suggestions in Opposition" (Doc. 7). Plaintiffs argue that the FDIC-R's removal of this case was untimely under 12 U.S.C. § 1819(b)(2)(B) and seek remand of the case to state court and attorneys fees incurred in these proceedings. The FDIC-R contends that removal was timely and jurisdiction is proper. For the reasons discussed below, Plaintiffs' Motion to Remand is DENIED.

**Background**

On May 3, 2010, Plaintiffs filed their initial petition in the Circuit Court of Jackson County, Missouri ("State Court") against various Defendants, including Hillcrest Bank ("Hillcrest"), under various lender liability theories. In October of that year, the Office of the State Banking Commissioner of Kansas closed Hillcrest and appointed the FDIC to serve as its receiver. On February 28, 2011, counsel representing Hillcrest moved to substitute the FDIC-R

for Hillcrest in the State Court action ("Motion to Substitute"). On March 1, 2011, the State Court granted Hillcrest's motion and substituted the FDIC-R for Hillcrest in the State Court action.

However, two months later, on May 7, 2011, Plaintiffs filed a motion requesting the court to vacate the order of substitution due to procedural deficiencies ("Motion for Relief"). On May 12, 2011, the State Court granted Plaintiffs' "Motion for Relief" and vacated its original order of substitution. Thereafter, the Plaintiffs moved for default judgment against Hillcrest. On May 24, 2011, the FDIC-R entered an appearance in the case and because the original "Motion to Substitute" was vacated, the FDIC-R then filed a new "Motion to Substitute." Before the State Court granted this substitution, the FDIC-R, as receiver for Hillcrest, filed a motion opposing the Plaintiffs' motion for default judgment against Hillcrest. The State Court then granted FDIC-R's "Motion to Substitute" on June 6, 2011. On September 6, 2011, within 90 days after the June 6th substitution, FDIC-R removed the State Court action to this Court.

**Standard**

A defendant may remove an action to federal court if the claim arises under federal law. 28 U.S.C. § 1441(b). Congress, through the jurisdictional grant under 12 U.S.C. §§ 1819(b)(2)(A-B), "'deliberately sought to channel' the cases in which the FDIC would have or may wield [its] power 'away from state courts and into federal courts.'" *Mizuna, Ltd. v. Crossland Fed. Sav. Bank*, 90 F.3d 650, 657 (2d Cir. 1996) (quoting *Verlinden B.V. v. Cent. Bank of Nigeria,* 461 U.S. 480, 497 (1983)). The Eighth Circuit has held that there is a presumption of federal jurisdiction under Section 1819 for suits involving the FDIC. *Reding v. FDIC*, 942 F.2d 1254, 1258 (8th Cir. 1991). Although an order to remand is typically not reviewable on appeal, under 12 U.S.C. § 1819(b)(2)(C), Congress made an exception for the

FDIC to appeal any remand order against it. *See FDIC v. S & I 85-1, Ltd.*, 22 F.3d 1070, 1072 (11th Cir. 1994).

For a party to remove an action pursuant to Section 1819(b), the FDIC must first be "substituted as a party." 12 U.S.C. § 1819(b)(2)(B). The burden of establishing federal jurisdiction is on the party seeking removal. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). All doubts are resolved in favor of remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

**Discussion**

The dispute in this case concerns when the FDIC-R was properly substituted as a party such that the 90-day window for removal began. Plaintiffs argue that the FDIC-R's removal was untimely because the 90-day removal window began running March 1, 2011, the date of the State Court's initial order substituting the FDIC-R for Hillcrest. In the alternative, Plaintiffs argue that even if the FDIC-R was not formally a party to the litigation, it triggered the 90-day window by participating in the state case beginning May 24, 2011.[1] Defendants argue that removal was timely because the 90-day removal period began on June 6, 2011, the date FDIC-R was *properly* substituted as a party.

The plain language of the statute provides that removal may be made only after the FDIC is substituted as a party to the litigation. 12 U.S.C. 1819(b)(2)(B). The 90-day period for removal begins to run from the date when the FDIC is substituted as a party. *See, e.g.*, *Dalton v. FDIC*, 987 F.2d 1216, 1221 (5th Cir. 1993). The FDIC was initially substituted as a party on March 1, 2011. However, upon Plaintiff's motion, the State Court vacated the order of substitution on May 12, 2011. This order removed the FDIC-R as party in the case and

---

[1] After the State Court's order vacating the FDIC's original substitution, the FDIC-R, in its capacity as Receiver for Hillcrest, entered an appearance in the case on May 24, 2011.

effectively stopped the period from running. Because the initial substitution order was declared invalid and vacated by the State Court, the FDIC-R was not properly substituted as a party for purposes of 12 U.S.C. 1819(b)(2)(B) until June 6, 2011, and the period for removal did not begin until that time.

Plaintiffs further argue that the State Court's order vacating substitution had no effect on the removal window because as the Receiver for Hillcrest, the FDIC was still a party to the litigation and was participating in the case prior to June 6, 2011. This argument is without legal support. "'Substituted as a party' and 'appointed as a receiver' are too different to equate." *Buczkowski v. FDIC*, 415 F.3d 594, 596 (7th Cir. 2005). The Seventh Circuit explains the distinction: "substitution 'as a party' must mean 'as a party to the litigation.' Reading this language to mean 'substituted as the failed bank's receiver' would turn the word 'party' into mush." *Id.; see also FDIC v. Loyd*, 955 F.2d 316, 328 (5th Cir. 1992) ("The mere fact that the FDIC has been appointed a receiver of a party in the state court proceeding does not make the FDIC a party to that proceeding."). Therefore, the window for remand did not begin to run when the FDIC was appointed as a receiver; it began only when FDIC-R was properly substituted as a party to the litigation.

Accordingly, FDIC-R was not in a position to remove the case until it was formally and properly substituted as a party on June 6, 2011. Therefore, Plaintiffs' Motion to Remand (Doc. 3) is DENIED.

**IT IS SO ORDERED.**

Date: <u>December 6, 2011</u>           <u>     /s/ Greg Kays                    </u>
                                        GREG KAYS, JUDGE
                                        UNITED STATES DISTRICT COURT

4