IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| QUINTERO COMMUNITY ASSOCIATION, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 04-11-CV-00893-DGK |
| HILLCREST BANK, et al., | ) ) ) | |
| Defendants. | ) ) | |

## ORDER GRANTING MOTION FOR A MORE DEFINITE STATEMENT

Pending before the Court is a "Motion to Dismiss and Alternative Motion for More Definite Statement" (Doc. 31) on behalf of Hillcrest Bancshares and its individual directors,[1] "Suggestions in Support" (Doc. 32), Plaintiffs' "Joint Suggestions in Opposition" (Doc. 37), and Defendants' "Reply Suggestions" (Doc. 43). The Court agrees with Defendants that the pleadings are so vague and ambiguous that Defendants cannot properly prepare a response. The Court also finds that the consolidation of the Hillcrest Bank case and the case against the Hillcrest Bank board of Directors, without the filing of an amended petition, has made the record confusing for all parties.

To remedy this, the Court orders Plaintiffs to file an amended petition, as the state court ordered them to do before the case was removed. This amended petition should include all allegations against all Defendants, except those for whom a default judgment has already been rendered. Additionally, the amended petition should set forth each claim clearly and concisely, noting which allegations it brings against which Defendant and which facts support those

---

[1] The Motion to Dismiss (Doc. 31) is brought on behalf of Hillcrest Bancshares and the following directors: Wheeler, Asner, Blitt, Campbell, J. Fingersh, P. Fingerish, White, Degen, Gervy, Richards, Davies, Lieberman, Forgey, Davis, Holdeman, Schwartzkopf, Gallatin, and Schneider.

allegations.  Failure to do so in a *clear* and *concise* manner, with sufficient allegations to support each claim, may result in dismissal of certain claims or Defendants.  No further amendments will be allowed.

It is therefore ordered that Plaintiffs shall file their amended petition on or before May 25, 2012.  Defendants will then have twenty-one days from the filing of Plaintiffs' amended petition, within which to answer or otherwise respond to the amended petition.  In all subsequent motions, the parties should refer only to the May 25, 2012 amended petition.  No reference should be made to earlier petitions.

The Court also notes that many of Plaintiffs' interrogatories contain more than 25 written interrogatories, including additional subparts, and therefore fail to comply with Fed. R. Civ. P. 33(a)(1).  Thus, the Court strikes Plaintiffs' current discovery request and orders Plaintiffs to resubmit its request for interrogatories to comply with the Federal Rules of Civil Procedure.

Finally, the Court orders the parties to meet and confer regarding any other outstanding discovery issues pursuant to Rule 37 after the amended petition is filed.  The Court strongly encourages the parties to cooperate in resolving these issues so as to not involve the Court unless absolutely necessary.  Any previous orders regarding discovery are hereby superseded by this order.

**IT IS SO ORDERED.**

    /s/ Greg Kays  
GREG KAYS, JUDGE  
UNITED STATES DISTRICT COURT

Dated: May 18, 2012