**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI**

QUINTERO COMMUNITY
ASSOCIATION, INC., et al.,      )
                                   )
      Plaintiffs,            )
                                   )
      v.                   )        No. 04-11-CV-00893-DGK
                                   )
HILLCREST BANK, et al.,        )
                                   )
      Defendants.         )
                                   )

## <u>ORDER CLARIFYING THE COURT'S MAY 18th ORDER</u>

Pending before the Court is Plaintiffs' "Motion to Reconsider or Otherwise Clarify the Court's May 18th Order and for Extension of Time" (Doc. 46). In the Court's May 18th Order (Doc. 45), the Court ordered Plaintiffs to file an amended petition, "includ[ing] all allegations against all Defendants, except those for whom a default judgment has already been rendered." Plaintiffs now ask the Court to reconsider its order, arguing that "in granting relief to one set of defendants in one case the Court has reached across to a different case and granted unrequested relief to a different defendant."

The Court disagrees with Plaintiffs' characterization of this case. Plaintiffs argue that the Court has no authority to *sua sponte* order them to repudiate or amend their Second Amended Petition after the Defendant FDIC has answered it. However, to the Court's best knowledge, Plaintiffs' Second Amended Petition was never properly filed.[1] If a Second Amended Petition

---

[1] The Court recognizes that the FDIC responded to what it titled, "Plaintiffs' Second Amended Petition" in its December 6, 2011 Answer (Doc. 12). However, although the state court granted Plaintiffs' motion to file a Second Amended Complaint against the FDIC on January 4, 2011, the Court finds no evidence that a Second Amended Complaint was ever properly filed in state court or in this Court.

was properly filed, Plaintiffs should provide the Court with a copy of this document and evidence of when it was filed.[2]

Secondly, the Court notes that it did not order Plaintiffs to amend their petition *sua sponte*. Rather, the FDIC itself complained that Plaintiff had never filed an amended complaint:

> To date, plaintiffs have not filed an amended complaint. At this time, it is unknown how plaintiffs will amend their claims in order to more clearly narrow and define their claims. The discovery process will be eased on all parties if the scope of the issues and parties involved in the case are narrowed and more clearly defined as is expected by plaintiffs' amended petition.

(Doc. 27). It is unclear whether the FDIC is referring to Plaintiffs' complaint against the Hillcrest Board of Directors, Plaintiffs' original complaint against the FDIC, or Plaintiffs' alleged "Second Amended Complaint" against the FDIC which was never properly filed. What is clear is that this case has become unnecessarily complicated. The efficient administration of justice requires that Plaintiffs allegations against each Defendant be clearly made.

Accordingly, the Court orders that one petition be filed that is non-duplicative and clearly states each claim against each Defendant. In combining the two petitions against the FDIC and Hillcrest Board of Directors, the Court does not expect Plaintiffs to rewrite the complaints entirely. What the Court seeks is for Plaintiffs to clarify their claims against the Hillcrest Board of Directors, as requested by those Defendants in Doc. 31, and to combine those allegations with their claims against the FDIC in one petition so that the Court and parties can avoid the duplication and unnecessary complexity of multiple petitions, some of which are properly filed and some of which are not.

---

[2] The Court notes that a document entitled "Second Amended Petition" was found in the voluminous paper record the parties provided to the Court. For future reference, if a controlling document is repeatedly referred to in the parties' briefings to the Court, the parties should ensure that the Court has easy access to such document through attachment of the document and clear identification of it on ECF.

2

The Plaintiffs also move for clarification of the Court's instruction to exclude allegations against the Quintero/McClung entities. Plaintiff maintains that only one Plaintiff, Lyle Phillips, has obtained a default judgment against those entities and that other Plaintiffs retain their claims against those entities. The Court directs Plaintiff to Document 16 where Plaintiffs jointly requested the Clerk of the Court enter a default against the Quintero/McClung entities. On January 19, 2012, the Clerk entered a default in accordance with this request with regard to all Plaintiffs as against all Quintero/McClung Defendants (Doc. 17). Plaintiffs then requested the Clerk of the court enter a default judgment in the amount of $2,000,000 on behalf of Plaintiffs Lyle Phillips and Peggy Phillips against the Quintero/McClung Defendants (Doc. 19). The Court granted this motion on April 6, 2012 (Doc. 33) Thus, currently outstanding, there is a *default judgment* entered on behalf of Plaintiffs Lyle Phillips and Peggy Phillips against the Quintero/McClung Defendants and a *default* on behalf of the remaining Plaintiffs against the Quintero/McClung Defendants.

The entry of a default against a defendant cuts off that defendant's right to appear in the case to contest liability. *See Taylor v. City of Ballwin*, 859 F.2d 1330, 1332 (8th Cir. 1988) (finding that "it is the law that once a default is entered, a defendant on default has no further standing to contest the factual allegations of plaintiff's claim for relief) (internal citations omitted). Once default is entered, the defendant's only recourse is filing a motion to set aside the entry of default. Fed. R. Civ. P. 55(c). On appeal, the defendant may contest whether the complaint states a claim upon which relief can be granted. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994). Here, the Court finds no reason to allow Plaintiffs to amend their complaint against the Quintero/McClung Defendants when a default has already been entered against them. While not every Plaintiff had its damage claims liquidated, the Quintero/McClung Defendants

3

have already lost their right to contest liability in the case. Thus, Plaintiffs claims against them are unnecessary in the amended complaint. If Plaintiffs have authority stating that claims against these Defendants should be included in the Second Amended Complaint, Plaintiffs may provide additional briefing on the matter.

However, Plaintiffs also maintain that they "should be able to set forth [allegations against the Quintero Entities] in support of their claims against the FDIC and the board members as underlying torts to support those claims." The Court agrees. If Plaintiffs find it necessary to discuss the Quintero entities and their claims against them in setting forth claims against the FDIC and the Hillcrest Board of Directors, they may do so.

Plaintiffs also request an extension of time to rewrite the two petitions into one. This request is granted. Plaintiffs shall submit a consolidated petition on or before June 15, 2012.

**IT IS SO ORDERED.**

  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT

Dated: May 25, 2012