| | |
|---|---|
| Quintero Community Association, Inc., *et al.*,<br><br>  Plaintiffs,<br><br>v.<br><br>Federal Deposit Insurance Company as Receiver for Hillcrest Bank, *et al.*,<br><br>  Defendants. | Civil Action No. 4:11-cv-00893-JTM |

## PLAINTIFFS' BRIEF | CHOICE OF LAW

The Court has directed the parties to file a brief on choice of law. Doc. 79. There is a conflict as to what acts or omission of acts by corporate officers and directors give rise to liability under Arizona law and Missouri law. See **Jabczenski v. Southern Pacific Memorial Hospitals, Inc., 119 Ariz. 15, 579 P.2d 53, 58 (App.1978)** (describing three grounds for liability including nonfeasance). Under Arizona law, "substantial assistance" can be based upon "ordinary transactions" or a failure to act. All that is required that "the assistance makes it easier for the violation to occur…" **Wells Fargo Bank v. Ariz. Laborers, Teamsters, and Cement Masons, 38 P.3d 12, 27 (Ariz. 2002)**. On these issues Arizona and Missouri conflict. Choosing Arizona or Missouri law would therefore be outcome determinative and warrants a choice of law determination. Arizona law should apply because, on the facts set out in the Omnibus Petition, with their favorable inferences, demonstrates that Arizona has the most significant relationship to the aggregate of operative facts, the parties, and has a far greater governmental interest in the outcome of this case. Arizona's law, by creating a broader net of liability for aiding and abetting tortious activity, favors Arizona consumers. And Arizona does have an interest in promoting this policy for many reasons including that one of the parties is an Arizona corporation and several other Arizona corporations were used to

1

commit torts against the plaintiffs. Thus Arizona has a far more direct interest in this case. In tort actions, the most significant relationship test carries a presumption that the state with the most significant relationship is the state where the injury occurred, absent an overriding interest of another state based on the factors articulated in Section 6 of the Restatement. **Wolfley v. Solectron USA, Inc., 541 F.3d 819, 823 (8th Cir. 2008)**. To overcome this presumption, Section 6 factors must be employed. See **Nelson v. Hall, 684 S.W.2d 350, 360 (Mo.App.1984)** (it "is not the number of contacts which determines the choice of law but which state – when those contacts are considered in the perspective of Restatement (Second) § 6 choice of law principles – has the most significant relationship to the occurrence and parties, and so is entitled to have its law determine the particular issue.") The defendants, having voluntary chosen to participate in a commercial real estate development in Arizona, with all the attending regulations, and in participating or assisting in the tortious conduct of McClung – conduct that injured Arizona property holder's investments. The defendants could reasonably foresee that their actions – or inactions – could result in injury to the plaintiffs in Arizona. The "justifiable expectations" factor the Section applies where parties consciously mold their conduct to conform to the law of a particular forum. See **Restatement § 6 cmt. G** ("predictability and uniformity of result are of greatest importance when parties are likely to give advance thought to the legal consequences of their transactions….") The factor of relevant policies and interests of the forum favor Arizona. Arizona has the highest degree of interest in protecting consumers who invest in Arizona real estate developments and from scamming developers such as McClung and banks who participate in that conduct. Arizona has a tort policy regarding aiding and abetting torts within its states and in particular corporate officer liability. The

2

torts were committed in Arizona and Arizona law should apply. Application of Missouri law would defeat the basic tort policies of the State of Arizona and sanction wrongful conduct. "In general, it is fitting that the state whose interests are most deeply affected should have its local law applied." **Restatement (Second) of Conflicts of Laws 2d (1979) § 6 cmt. f.** Arizona has the highest interest in applying its own laws to regulate misconduct within its state. See **Kennedy v. Dixon, 439 S.W.2d 173, 185 (Mo.1969)** ("The question of negligence ... should be determined by the law of the state where the tort occurs because that is the state with the dominant interest concerning that issue. ....") See **Natalini v. Little, 185 S.W.3d 239, 252 (Mo. Ct. App. 2006)**. Conversely, it is rare that another forum outside where the most significant injuries occurred will have a more significant relationship. **Restatement (Second) of Conflicts of Laws 2d (1979) § 6 cmt. d**. ("The likelihood that some state other than that where the injury occurred is the state of most significant relationship is greater in those relatively rare situations where, with respect to the particular issue, the state of injury bears little relation to the occurrence and the parties.") The state of injury, Arizona, bears great relation to the occurrences and the parties. Hillcrest Bank and McClung voluntarily entered into the forum of Arizona to jointly do business in Peoria, Arizona. Arizona has the highest interest in ensuring that lending institutions and developers who choose to do business in Arizona comply with the required escrow accounts and letters of guarantees regarding Arizona real estate development. See Omnibus Petition, ¶ 41 (Arizona Department of Real Estate (ADRE) regulates development and issued "Public Report" for Quintero Golf Course development; ¶¶ 41-43 (identifying Arizona regulations); ¶ 55 (upping line of credit to meet ADRE requirements); ¶ 58 (describing improper payments to McClung in contravention of ADRE requirements); ¶ 63 (describing process of releasing money from

3

the Arizona escrow account for the development); ¶ 66 (describing McClung's attorney stating his concerns about the falsehoods being made to ADRE about the development); ¶¶ 145-148 (ADRE suspends the development because of conduct of the defendants); ¶¶ 196-197 (describing defendants knowledge about the misrepresentations to the ADRE and violations of the Arizona regulations and the misappropriation of the Arizona escrow account); ¶ 205 (describing scheme with McClung to circumvent ADRE regulations); ¶ 263 (describing failure of the defendants to prevent transfer of monies out of the Arizona escrow account and preventing misrepresentations to ADRE). The McClung letter, with the knowledge and approval of the defendants, which misrepresented the completion of the golf course, was sent to Arizona. ¶ 71 (McClung directing ADRE to cancel escrow account and letters of credit). The issuance of securities by McClung (the Revenue Producing Membership Collateral Certificates) and agreements with Quintero Golf and Country Club, an Arizona corporation, would be governed by Arizona law. The performance of the individual contracts between them and McClung | Quintero (in which the defendant tortuously interfered with) was in Arizona. ¶ ¶ 77- 104. All of the McClung Quintero entities that were used in the investment scheme were Arizona corporations. ¶ 40. Based upon the types and character of the contacts and the consideration of those contacts as applied to the principles set forth in § 6 of the Restatement, the state with the most significant contacts is Arizona and this Court should apply Arizona substantive law to matter. Under the factors, the first factor of place where the injuries occurred to the plaintiffs was Arizona. The second factor of place where the conduct created the injuries to the plaintiffs was in Arizona. The third factor of domicile, residence, nationality, place of incorporation and place of business of the parties is should carry little weight. Quintero

Community Association, Inc. is an Arizona corporation. The Quintero entities were all Arizona corporations. The place of business of the plaintiffs as investors in Arizona real estate is Arizona. The fourth factor, place where the relationship of the parties is centered, is Arizona. "When an injury is caused by an act done in the course of a relationship between the parties, the focus of the Restatement is on the place of that relationship at the time of the act." **Mann v. GTCR Golder Rauner, L.L.C., 351 B.R. 685, 696 (D. Ariz. 2006)** (citing **Restatement (Second) of Conflict of Laws § 145, cmt. e (1971)**). Clearly the place of the relationship of all of the parties recited in the Petition revolved around Peoria, Arizona, where the golf course was being developed. Arizona has an overwhelming number and quality of contacts with this case and has the most significant governmental interest in having its law applied to the aggregate of operative facts in this case which all center around the development of an Arizona golf course. If the sufficient facts cannot be determined, discovery should proceed. See **In re Samsung DLP Television Class Action Litig., Civ. No. 07-2141, 2009 WL 3584352, at \*3 (D.N.J. Oct. 27, 2009)** (inappropriate or impossible for analysis at the motion to dismiss stage) See also **North Am. Tech. Svcs., Inc. v. V.J. Techs, Inc., No. 10 CV 1384(AWT), 2011 WL 4538069, \*2 (D. Conn. Sept. 29, 2011)** (complexity of this analysis at the motion to dismiss stage results in courts addressing the issue after discovery completed).

          By /s/ Linus L. Baker
          Linus L. Baker  Mo. Bar 44980
          6732 West 185th Terrace
          Stilwell, KS  66085-8922
          Telephone:   913.486.3913
          Fax:              913.232.8734
          E-Mail: linusbaker@prodigy.net
          Attorney for the plaintiffs

## Certificate of Service

The undersigned hereby certifies that this document was filed electronically on October 10, 2012, with the United States District Court for the Western District of Missouri, Western Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court to all designated persons.

/s/ Linus L. Baker

6

Case 4:11-cv-00893-DGK   Document 86   Filed 10/10/12   Page 6 of 6