IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| QUINTERO COMMUNITY ASSOCIATION, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 4:11-cv-00893-DGK |
| FEDERAL DEPOSIT INSURANCE COMPANY AS RECEIVER FOR HILLCREST BANK, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS WHEELER, ASNER, BLITT, CAMPBELL, J. FINGERSH, P. FINGERSH, WHITE, DEGEN, GERVY, RICHARDS, DAVIES, LIEBERMAN, FORGEY, DAVIS, HOLDEMAN, SCHWARTZKOPF, GALLATIN, SCHNEIDER AND HILLCREST BANCSHARES' ("MOVANTS'") BRIEF REGARDING APPLICABLE LAW**

LEWIS, RICE & FINGERSH, L.C.

By: /s/ Thomas R. Larson
    Thomas R. Larson, Mo. Bar No. 26114
    trlarson@lrf-kc.com
    Scott A. Wissel, Mo. Bar No. 49085
    sawissel@lrf-kc.com
    1010 Walnut, Suite 500
    Kansas City, Missouri 64106
    Telephone: 816-421-2500
    Facsimile: 816-472-2500

ATTORNEYS FOR DEFENDANTS WHEELER, ASNER, BLITT, CAMPBELL, J. FINGERSH, P. FINGERSH, WHITE, DEGEN, GERVY, RICHARDS, DAVIES, LIEBERMAN, FORGEY, DAVIS, HOLDEMAN, SCHWARTZKOPF, GALLATIN, SCHNEIDER, AND HILLCREST BANCSHARES

Plaintiffs Omnibus Petition (the "Petition") fails to state a claim under any state's law. Due to page restraints, Movants focused their motion to dismiss briefing on Plaintiffs' fundamental pleading flaws, including the general lack of any coherent factual allegation of tortious conduct on the part of any Movant and the failure to clearly explain how any action of any Movant could have caused damage to any Plaintiff. Movants chose not to provide the Court with a lengthy choice of law analysis, opting instead for a brief explanation showing that significant holes in the Petition exist regardless of the state law governing the myriad causes of action Plaintiffs have vaguely asserted (*See, e.g.*, ECF Doc. 43, p. 3). As this Court has previously noted, even where a conflict of laws exists, "if the outcome would be the same under either forum's law, the trial court need not resolve the conflict." *Main Street Bank v. Carlyle Van Lines, Inc.*, 2010 WL 5099367 at *6 (W.D. Mo. 2010) (citing *Prudential Ins. Co. of Am. v. Kamrath*, 475 F.3d 920, 924 (8th Cir.2007)). In this Action, any potential conflicts between Kansas, Arizona and Missouri law are immaterial in light of the Petition's overarching deficiencies. The outcome of the pending motion to dismiss is the same under any state's law.

**A.  Choice of Law Rules**

In general, a federal district court applies the choice of law rules of the forum state – in this case, Missouri. *See Eggleton v. Plasser & Theurer Export Von Bahnbaumaschinen Gesellschaft, MBH*, 495 F.3d 582, 585 (8th Cir. 2007). In tort cases, Missouri utilizes the "most significant relationship" approach found in the Restatement (Second) Conflict of Laws. *See Goede v. Aerojet General Corp.*, 143 S.W.3d 14, 24 (Mo. Ct. App. 2004). Under this approach, the court looks to the following factors to determine the applicable state law: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the

1

domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered. These contacts are to be evaluated according to their relative importance with respect to the particular issue." Restatement (Second) Conflict of Laws § 145.

### B. Kansas Law Applies to Claims for Breach of Fiduciary Duty

Claims asserting breach of fiduciary duty, such as those asserted in various portions of the Omnibus Petition are governed by the law of the state of incorporation for the business entity involved. *In re Farmland Indus., Inc.*, 335 B.R. 398 (Bankr. W.D. Mo. 2005). As Hillcrest Bank is a Kansas Corporation, Kansas law applies to these claims.

To the extent that Kansas law is held to apply, Kansas law contains a clear statement of the rule that corporate directors and officers owe no duty to third parties:

> A creditor of an insolvent corporation who sues solely on his own behalf cannot maintain a personal action against directors or officers who, by negligent mismanagement of the corporation's affairs, have breached their duty to the corporation to the consequent damage or injury of its creditors.

*Speer v. Dighton Grain, Inc.*, 229 Kan. 272, 624 P.2d 952 (1981).

### C. Kansas Law Applies to Counts 1 and 7

Counts 1 and 7 differ from the rest of the Petition in that they do not involve any allegations of injury related to the failure of the Quintero golf course development. Count 1 is based upon allegations that some unidentified Movants made copies of certain Hillcrest records and forwarded these copies to the law firm that represented Movants at the time. All of the claims comprising the count are based upon the internal activities and records of a Kansas bank. If there is any relationship between the parties relative to this count, such relationship would necessarily arise from the bank account one Plaintiff allegedly maintained with Hillcrest in Kansas. The allegations of Count 1 establish a significant relationship with Kansas, and do not

2

indicate any significant relationship with any other state. Kansas law should apply to the various causes of action asserted in Count 1, with the exception of those arising under federal law.

Likewise, Count 7 consists wholly of the vague allegation that Hillcrest may have received and kept money supposedly owed to Plaintiffs Hilcher and Nichols. The only operative allegation is that money that a Kansas bank should have delivered was instead kept in Kansas. Again, the only significant relationship evidenced by the allegations is with Kansas. Further, as Movants noted in their Suggestions, this count should be dismissed on statute of limitations grounds even if Plaintiffs are correct that Arizona law applies.

### D.  Arizona Law Applies to the Claims in Counts 6 and 9 Other than Claimed Breach of Fiduciary Duty

Counts 6 and 9 allege violations of Arizona statutes. There is no common law tort alleged, and Plaintiffs have not set forth the elements of or cited to any other state's securities law or consumer protection statutes. While Plaintiffs are free to allege violations of specific Arizona statutes, they have failed to plead the elements of any such violations. In any event, the idea that Movants could be personally liable for alleged securities fraud and consumer protection violations by McClung would be implausible regardless of the state to whose statutes Plaintiffs had chosen to cite.

### E.  Based upon the Current Record, Either Kansas or Arizona Law Might Ultimately Apply to the Remaining Claims

Counts 2, 3, 4, 5, 8, and 16 all assert personal liability on the part of Movants for various underlying torts alleged against Hillcrest. On the current record, the Restatement factors could arguably suggest application of the law of either Kansas or Arizona, but no other state. *See* Restatement (Second) Conflict of Laws § 145.

(a) On the current record, the place of injury appears to be the location of the property, Arizona, even though the property itself was not "damaged". The injury was to plaintiffs' loans to McClung, related to the property. In the Omnibus Petition, Plaintiffs have not alleged damages outside of Arizona.

(b) The conduct of Movants generally appears to have occurred in Kansas.

(c) Hillcrest was and most of Movants are domiciled in Kansas. Most of the Plaintiffs are domiciled in Arizona.

(d) There is no center of the relationship between Movants (or, even Hillcrest) and plaintiffs, because they have no relationship. If QCA was a customer of Hillcrest, the center of that relationship was in Kansas. The center of the relation between Movants and Hillcrest is Kansas.

Finally, Movants submit, generally, that Kansas has the greatest interest in regulating their conduct as officers and directors of a Kansas Bank.

Having narrowed the choice of law to two states, the first question is whether the laws of the states differ on the issues currently before the court. Thus far, Movants have not been able to discern any conflict between Arizona and Kansas law with regard to the primary issues at stake in analyzing the plausibility of the other claims which Plaintiffs have attempted to assert. The basic elements of the underlying torts are the same in both states.[1] Plaintiffs have previously

---

[1] (a) In both states, an officer or director is generally not liable for torts of the corporation he serves, but may be liable for certain intentional torts (e.g. conversion) in which he directly participated. *See Patrons State Bank & Trust Co. v. Shapiro*, 528 P.2d 1198, 1203 (Kan. 1974) and *Dawson v. Withycombe*, 163 P.3d 1034, 1059-60 (Ariz. Ct. App. 2007). (b) In both states, the elements essential to recovery for tortious interference with a contract are the same. *See, Reebles, Inc. v. Bank of America, N.A.*, 25 P.3d 871, 785 (Kan. Ct. App. 2001) and *Wells Fargo Bank v. Arizona Laborers, Teamsters, and Cement Masons Local No. 395 Pension Fund*, 38 P.3d 12, 31 (Ariz. banc 2002) (same elements); (c) In both states, the elements of a civil conspiracy are the same. *See, Meyer Land & Cattle Co. v. Lincoln Cty. Conservation Dist.*, 31 P.3d 970, 976 (Kan. Ct. App. 2001) and *Wells Fargo*, 38 P.3d at 36 and (d) In both states, the elements of aiding and abetting liability are the same. *See, York v. InTrust Bank, N.A.*, 962 P.2d 405, 424 (Kan. Ct. App. 1998) and *Wells Fargo*, 38 P.3d at 23.

4

asserted that Arizona (and possibly Missouri) law applies. Movants have cited to Arizona law throughout their briefing on their motion to dismiss, but Movants' analysis holds regardless of the state law applied. In sum, the similarities between Kansas and Arizona law and the absence of any effect on the merits of Movants' arguments favoring dismissal allow the Court to bypass a detailed choice of law analysis as to these claims. *Medtronic, Inc. v. ConvaCare, Inc.*, 17 F.3d 252, 256 (8th Cir. 1994) (electing not to reach a choice of law conclusion when either Minnesota or North Carolina law could apply and the resolution would be the same under either state's law).

### E. Conclusion

Kansas law applies to claims for breach of fiduciary duty and to Counts 1 and 7. Arizona law applies to the non-fiduciary claims asserted in Counts 6 and 9. Either Kansas or Arizona law applies to the remaining counts, but because the outcome would be the same under either forum's law, the trial court need not resolve the conflict. Movants respectfully submit that Plaintiffs' Petition fails to state a claim against Movants under the law of any state, and ask this court to grant Movants' Motion to Dismiss in full.

5

Case 4:11-cv-00893-DGK   Document 87   Filed 10/10/12   Page 6 of 7

Respectfully Submitted,

LEWIS, RICE & FINGERSH, L.C.

By: /s/ Thomas R. Larson
Thomas R. Larson, MO # 26114
1010 Walnut, Suite 500
Kansas City, Missouri 64106
Telephone: 816-421-2500
Facsimile: 816-472-2500
E-mail: trlarson@lrf-kc.com

ATTORNEYS FOR DEFENDANTS WHEELER, ASNER, BLITT, CAMPBELL, J. FINGERSH, P. FINGERSH, WHITE, DEGEN, GERVY, RICHARDS, DAVIES, LIEBERMAN, FORGEY, DAVIS, HOLDEMAN, SCHWARTZKOPF, GALLATIN, SCHNEIDER, AND HILLCREST BANCSHARES

**CERTIFICATE OF SERVICE**

This is to certify that on this 10th day of October 2012, a copy of the foregoing was served by electronically filing it with the Court using the CM/ECF system, which sent notification all parties of interest participating in the CM/ECF system.

/s/ Thomas R. Larson
Attorney for Defendants

6