IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| QUINTERO COMMUNITY ASSOCIATION, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR HILLCREST BANK, *et al.*, <br><br> Defendants. | Case No. 4:11-cv-00893-DGK |

### DEFENDANTS WHEELER, ASNER, BLITT, CAMPBELL, J. FINGERSH, P. FINGERSH, WHITE, DEGEN, GERVY, RICHARDS, DAVIES, LIEBERMAN, FORGEY, DAVIS, HOLDEMAN, SCHWARTZKOPF, GALLATIN, AND SCHNEIDER'S MOTION FOR SUMMARY JUDGMENT

COME NOW Defendants Jeffrey F. Wheeler, Scott I. Asner, Irwin Blitt, Robert J. Campbell, Jack N Fingersh, Paul S. Fingersh, Gerald M. White, G. Richard Degen, Tim Gervy, Joel Richards, Thomas J. Davies, George A. Lieberman, Jon Forgey, Nicole Davis, Wanda Holdeman, Dan Schwartzkopf, Sue Gallatin, and Brian K. Schneider (collectively, "Movants") and hereby move, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment in their favor on Count 1 of Plaintiff Quintero Community Association's ("QCA") Complaint. As grounds for this Motion, Movants rely on their contemporaneously-filed Suggestions in Support and affidavits and exhibits attached thereto, and state as follows:

1.  This Motion is addressed to QCA's sole remaining claim against Movants, a claim for conversion.

2.  In support of its conversion claim, QCA alleges that: (a) prior to the closing of Hillcrest Bank some of the Movants provided their attorneys at the law firm of Bryan Cave with electronic copies of certain Hillcrest Bank documents; (b) the Movants did not have the right to exercise possession over the bank records in their individual capacity; and (c) that providing their lawyers with copies of the documents amounted to a conversion.

3.  Movants do not dispute that some of them provided their attorneys with electronic copies of bank records for the purpose of defending themselves against possible claims in the future.[1] However, this action does not amount to a conversion of QCA's property as a matter of law for the following reasons:

    a.  The records copied belonged to Hillcrest Bank, not QCA; therefore, no property belonging to QCA was converted.

    b.  The mere act of copying records does not deprive the owner of the possession of those records. Thus, copying of records is not conversion under Kansas law.

    c.  Directors and officers have the right to "unfettered" access to corporate documents. Therefore, Kansas law permits the copying of such documents for possible future use.

    d.  There is no evidence in the summary judgment record that any documents belonging or even related to QCA were ever copied.

---

[1] This fact is uncontroverted only by those Movants who were represented by Bryan Cave and/or participated in copying the records. As discussed in the Suggestions in Support, several of the Movants had no involvement in these activities. These named defendants are entitled to judgment as a matter of law for this independent reason.

2

       e. Some of the individual defendants had no involvement whatsoever in the copying of records.

4. Thus, QCA's conversion claim fails for at least three separate reasons, any one of which would be sufficient grounds for granting the Movants summary judgment. QCA did not have any ownership right in the property that was allegedly converted, copying documents is not an exercise of ownership that operates to the exclusion of another's rights, and the Movants had the definite legal right to provide their attorneys with copies of records necessary for their representation, such that the copying was not "unauthorized."

5. There are no material issues of uncontroverted fact and the Movants are entitled to judgment as a matter of law.

WHEREFORE, Movants hereby pray that this Court, pursuant to Fed. R. Civ. P. 56, enter summary judgment in their favor as to all claims asserted against them in Plaintiff Quintero Community Association's Complaint, for its costs incurred herein, and for such other and further relief as the Court deems just and proper.

Respectfully Submitted,

LEWIS, RICE & FINGERSH, L.C.

By: /s/ Thomas R. Larson
Thomas R. Larson, MO # 26114
Scott A. Wissel, MO # 49085
1010 Walnut, Suite 500
Kansas City, Missouri 64106
Telephone: 816-421-2500
Facsimile: 816-472-2500
E-mail:  trlarson@lrf-kc.com

ATTORNEYS FOR DEFENDANTS WHEELER, ASNER, BLITT, CAMPBELL, J. FINGERSH, P. FINGERSH, WHITE, DEGEN, GERVY, RICHARDS, DAVIES, LIEBERMAN, FORGEY, DAVIS, HOLDEMAN, SCHWARTZKOPF, GALLATIN, AND SCHNEIDER

## CERTIFICATE OF SERVICE

This is to certify that on this 13th day of December 2013, a copy of the foregoing was served by electronically filing it with the Court using the CM/ECF system, which sent notification all parties of interest participating in the CM/ECF system.


　　　/s/ Thomas R. Larson
　　Attorney for Defendants