IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| QUINTERO COMMUNITY ASSOCIATION, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR HILLCREST BANK, *et al.*, <br><br> Defendants. | Case No. 4:11-cv-00893-DGK |

## RESPONSE TO DEFENDANT FDIC-R'S MOTION TO DISMISS

COME NOW Defendants Jeffrey F. Wheeler, Scott I. Asner, Irwin Blitt, Robert J. Campbell, Jack N Fingersh, Paul S. Fingersh, Gerald M. White, G. Richard Degen, Tim Gervy, Joel Richards, Thomas J. Davies, George A. Lieberman, Jon Forgey, Nicole Davis, Wanda Holdeman, Dan Schwartzkopf, Sue Gallatin, Brian K. Schneider, and Hillcrest Bancshares (collectively, "Individual Defendants") and in response to Defendant Federal Deposit Insurance Corporation as Receiver for Hillcrest Bank (the "FDIC-R"), state as follows:

### INTRODUCTION

1. On December 16, 2013, FDIC-R filed its motion to dismiss for lack of subject matter jurisdiction (the "Motion") (doc. 145).

2. In the instant Response, the Individual Defendants are not opining about the propriety of the FDIC-R's "No Value Determination," or about the FDIC-R's claim that this Court no longer has subject matter jurisdiction over Plaintiff's claims against the FDIC-R because such claims have become moot.

3. Rather, the purpose of this Response is to seek an order from this Court retaining supplemental jurisdiction over the one remaining claim Plaintiff has asserted against the Individual Defendants *in the event* the Court grants the Motion and concludes that all claims against the FDIC-R must be dismissed for lack of subject matter jurisdiction.

**LEGAL AUTHORITIES**

4. This Court's ability to exercise its jurisdiction over supplemental state law claims was recently articulated in *Williams v. City of Marston*, 857 F. Supp. 2d 852, 861-62 (E.D. Mo. 2012):

> Generally, this court only has jurisdiction to adjudicate claims based on either federal subject matter jurisdiction or diversity jurisdiction. 28 U.S.C. § 1331, 1332. However, a "federal court has jurisdiction over an entire action, including state-law claims, whenever the federal-law claims and state-law claims in the case derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them all in one place." *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 349, 108 S. Ct. 614, 98 L.Ed.2d 720 (1988). The court's supplemental jurisdiction over state law claims arises under 28 U.S.C. § 1367(a).

5. As this Court articulated in *Crest Const. II, Inc. v. On Time Auto*, the statute addressing supplemental jurisdiction is 28 U.S.C. § 1367:

> The statue governing supplemental jurisdiction states,
>
>> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III . . . .
>
>> \*   \*   \*
>
>> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>>
>>> (1) the claim raises a novel or complex issue of state law,
>>>
>>> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>>>
>>> (3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367.

*Crest Const. II, Inc. v. On Time Auto*, 2010 WL 3456690, at *5-6 (W.D. Mo. Aug. 27, 2010).

6. "[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *See Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988).

7. As this Court has previously held, when analyzing whether the Court should exercise its discretion and retain jurisdiction over pendent state law claims, it should consider whether "the parties have invested sufficient time, effort, and money into preparing the state law claims for trial in this court [such] that it would be unfair to send the parties back to state court to start all over again . . . ." *See Crest Const. II, Inc.,* 2010 WL 3456690, at *6.

## **DISCUSSION**

8. It hard to imagine a case where this Court's retention of jurisdiction would be more fair and appropriate than the case before the Court.

9. First, Plaintiff's federal-law claims and state-law conversion claim derive from the exact same operative facts, and Plaintiff and Defendants' rightfully expected to try all claims in one place – namely this Court.

10. Second, the "values" of judicial economy, convenience, fairness, and comity weigh strongly in favor of this Court's continued exercise of jurisdiction over any remaining pendent state-law claims. *See Cohill*, 484 U.S. at 350. As of the date of this Response, this action has been pending in the Western District of Missouri for more than two years and three months. This Court has entertained and ruled on numerous motions and discovery disputes. Discovery is closed, summary judgment motions that would end the case are pending, and the case is set for trial.

11. If the Court were to remand or dismiss this action, it is quite likely that Plaintiff would seek to reopen discovery and re-litigate many of the issues that have been decided against it in federal court. This is relevant when analyzing issues of judicial comity and the potential burden such a decision would have on an unsuspecting state court judge.

12. Moreover, dismissing or remanding this action could have a profound adverse impact on the FDIC-R. It is likely that Plaintiff will effectively bring the FDIC-R back into this dispute as a third-party witness. While this Court has ruled that the FDIC-R has no further obligation to produce the documents sought by Plaintiff, there is no guarantee that a state court will reach the same conclusion when faced with Plaintiff's motion to compel the FDIC-R, as a third-party witness, to produce the documents initially sought in this action.

13. Third, the parties in this action have invested so much time, effort, and money in litigating the state law claims that it would be unfair to send the parties back to state court to start all over again. *See Crest Const. II, Inc.,* 2010 WL 3456690, at *6. The Individual Defendants have incurred significant fees over the past two years to see that the bulk of Plaintiff's claim were properly dismissed, and have recently incurred additional expense in preparing and filing a motion for summary judgment on the lone claim pending against them – the conversion count. This Court has far greater familiarity with Plaintiff's claims and specifically the conversion claim than would a state court judge saddled with this case upon remand or dismissal of this action. Indeed, this Court has previously analyzed Plaintiff's conversion claim in the context of the Individual Defendants' motion to dismiss. Now that additional discovery has occurred, the Individual Defendants have established that they are entitled to summary judgment on this lone remaining claim.

WHEREFORE, the Individual Defendants hereby pray for an order of this Court retaining jurisdiction of Plaintiff's remaining claim against the Individual Defendants in the event the Court grants FDIC-R's Motion to Dismiss (doc. 145).

4

Respectfully Submitted,

LEWIS, RICE & FINGERSH, L.C.

By: /s/ Scott A. Wissel
Thomas R. Larson, MO # 26114
Scott A. Wissel, MO # 49085
1010 Walnut, Suite 500
Kansas City, Missouri 64106
Telephone: 816-421-2500
Facsimile: 816-472-2500
E-mail:trlarson@lrf-kc.com
　　　　sawissel@lrf-kc.com

ATTORNEYS FOR DEFENDANTS WHEELER, ASNER, BLITT, CAMPBELL, J. FINGERSH, P. FINGERSH, WHITE, DEGEN, GERVY, RICHARDS, DAVIES, LIEBERMAN, FORGEY, DAVIS, HOLDEMAN, SCHWARTZKOPF, GALLATIN, AND SCHNEIDER

## CERTIFICATE OF SERVICE

This is to certify that on this 27th day of December 2013, a copy of the foregoing was served by electronically filing it with the Court using the CM/ECF system, which sent notification all parties of interest participating in the CM/ECF system.

　　　/s/ Scott A. Wissel
　　　Attorney for Defendants