IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| Quintero Community Association, Inc., *et al.*,<br><br>        Plaintiffs,<br><br>v.<br><br>Hillcrest Bank, *et al.*,<br>        Defendants. | No. 4:11-cv-00893-DGK |

**PLAINTIFF'S OPPOSITION TO FDIC-R's MOTION TO DISMISS**

The plaintiff Quintero Community Association, Inc., opposes the FDIC's Motion to Dismiss (Doc. 145) as follows:

The FDIC states that "even if Plaintiff were to prevail against FDIC-R in this action, it would remain a general unsecured creditor of the Hillcrest receivership estate and would not be entitled to any recovery." Doc. 145, FDIC-R Motion, p. 8. The "No-Value Determination" the FDIC references only bars recovery on general unsecured claims. According to the FDIC, its No-Value Determination conclusively establishes that there are no assets in the Hillcrest Bank estate to make any payments on general unsecured creditor claims, purportedly including Quintero Community Association, Inc.'s, and that such claims therefore have no value. The FDIC alleges that "it is clear that Plaintiff's claim for monetary damages is a general unsecured creditor claim against the Hillcrest receivership…. Therefore, Plaintiff is a general unsecured creditor." Doc. 145, FDIC-R Motion, p. 2.

The FDIC-R previously moved to dismiss the plaintiff's claims claiming that the plaintiffs' claims were not brought as part of the administrative claims process. In the Court's January 3, 2013, Order (Doc. 91) the Court specifically held that "the record is not

1

clear on what claims were submitted during the administrative review process." The Court held that the FDIC "gives no reason for failing to produce a copy of these claims." The Court denied the motion ruling that it possessed jurisdiction: "While the FDIC has asserted that Plaintiffs bring additional claims which were not exhausted during administrative review, the FDIC has not provided any evidence to support this assertion. Accordingly, the Court finds it has jurisdiction over all counts asserted in the Omnibus Petition." Doc. 91. p. 7.

A court need not accept as true legal conclusions couched as factual allegations. **Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)**. The FDIC still has not demonstrated that the plaintiff's claim is unsecured. Exhibit A does not prove this. Thus, the Court still only has the bare allegations of the FDIC-R that the plaintiff is merely a "general creditor."

The FDIC's motion must be denied.

Respectfully Submitted,

By /s/ Linus L. Baker
Linus L. Baker  Mo. Bar 44980
6732 West 185th Terrace
Stilwell, KS  66085-8922
Telephone:   913.486.3913
Fax:              913.232.8734
E-Mail: linusbaker@prodigy.net
Attorney for the plaintiffs

Certificate of Service

The undersigned hereby certifies that this document was filed electronically on December 30, 2013, with the United States District Court for the Western District of Missouri, Western Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court to all designated persons.

/s/ Linus L. Baker